UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA LYNN BOYD, | CASE NO. C10-5756 MJP |
| Plaintiff, | ORDER ON OBJECTIONS TO REPORT AND RECOMMENDATION |
| v. | |
| MICHAEL J. ASTRUE, | |
| Defendant. | |

The Court, having received and reviewed:

1. Report and Recommendation (Dkt. No. 29)

2. Objections to Report and Recommendation (Dkt. No. 34)

3. Response to Objections to Report and Recommendation (Dkt. No. 35)

and all attached declarations and exhibits, plus relevant documents from the remaining record, makes the following ruling:

IT IS ORDERED that the Commissioner's decision is AFFIRMED and the matter is DISMISSED with prejudice.

**Background**

Plaintiff is a 55 year-old woman with two years of college and previous work experience as a pharmacy technician. Tr. 82, 98, 104. She applied for benefits in January 2006, alleging the onset of disability as of May 20, 2004. Tr. 82-84. Her claim was denied, and her request for reconsideration was denied. Tr. 60-62, 64-65. At an August 2008 hearing, the Administrative Law Judge (ALJ) found Plaintiff not disabled. Tr. 11-25. Plaintiff applied to the Appeals Council for a review of the decision; that request was denied. Tr. 1.

The five-step disability evaluation process (20 C.F.R. § 404.1520, 416.920) resulted in the following findings:

- **Step 1:** No substantial gainful activity since May 20, 2006. Tr. 16.

- **Step 2:** "Severe impairments" consisting of fibromyalgia, attention-deficit hyperactivity disorder (inattentive type), major depressive disorder (in partial remission), anxiety disorder and pain disorder. Tr. 16.

- **Step 3:** These impairments did not meet or equal the requirements of a listed impairment. Tr. 18.

    **Residual Functional Capacity (RFC):** Plaintiff was found to have the RFC to perform light work – occasionally lift/carry 20 pounds and frequently lift/carry 10 pounds; stand and/or walk and can sit about 6 hours in an 8 hour work day; should avoid concentrated exposure to hazards. Tr. 20.

    Plaintiff was found to have "moderate" limitations in the following areas: her ability to understand, remember and carry out detailed instructions; maintain attention and concentration; perform activities, maintain regular attendance and be punctual within a schedule; complete a workday/work week without psychologically-based interruptions; perform at a consistent pace; interact appropriately with the public; and set realistic goals and plans independently. Tr. 20.

- **Step 4:** Unable to perform any past relevant work.

- **Step 5:** Could perform other jobs existing in significant numbers in the national economy – **not disabled**.

1  Additionally, the ALJ found Plaintiff's own testimony – specifically, her descriptions of
2  the intensity, persistence and limiting effects of her impairment symptoms – not to be credible.
3  Tr. 21.
4  Plaintiff submitted a number of new items of evidence to the Appeals Council (AC): a
5  1995 medical report from Kaiser Permanente containing findings of "tender points" associated
6  with fibromyalgia, a 2009 psychological evaluation by Dr. Carter, and a declaration from her
7  husband.  In issuing its denial, the AC declared that "this information does not provide a basis
8  for changing the Administrative Law Judge's decision."  Tr. 2.

**Discussion/Analysis**

10  Plaintiff assigns errors to the ALJ, the Appeals Council and to the Magistrate Judge who
11  prepared the Report and Recommendation.  Upon review, the Court finds Plaintiff's objections
12  either non-meritorious or harmless error; they are discussed individually below:

ALJ error #1: No finding of limitations following the Step 2 finding of "severe impairments"

14  Plaintiff objects that the Step 2 "severe impairments" finding concerning her
15  fibromyalgia and chronic pain disorder was not reflected in any corresponding limitations in the
16  ALJ's findings concerning her RFC.
17  Case law is clear that a finding of impairment at Step 2 does not automatically require a
18  finding of limitations in Steps 3, 4 or 5.  Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).
19  Plaintiff tries to distinguish Hoopai, but the case clearly holds that the ALJ is not required to find
20  limitations or disability at Steps 3, 4 or 5 based on a finding of impairments – not just medical
21  conditions – at Step 2 ("…the satisfaction of the requirements at [Step 2] does not automatically
22  lead to the conclusion that the claimant has satisfied the requirements at [Step 5];" Id.)  The
23  Court's ruling in this regard is further guided by an awareness that the RFC represents an

assessment of an applicant's ability to perform physical and mental activities *despite* his/her impairments. 20 CFR § 404.1545(a)(1).

Plaintiff complains that the ALJ's failure to incorporate the Step 2 "severe impairments" is unsupported by any rationale. But in fact the record reflects the findings which supported the ALJ's determination concerning Plaintiff's RFC. First, the ALJ found that the complete record did not support the allegations concerning Plaintiff's limitations (allegations which primarily consisted of Plaintiff's testimony); i.e., the ALJ considered Plaintiff's fibromyalgia symptoms but discounted her credibility and thus their effect on her ability to perform light work with simple tasks. Tr. 21. Second, the ALJ's ruling reflects his finding that the medical record supported no further limitations than those included in the RFC; i.e., there was little or no objective evidence of fibromyalgia during the relevant period and no medical findings that Plaintiff's fibromyalgia necessitated any work limitations. Tr. 16, 18, 23. Furthermore, the ALJ considered the May 2006 findings of a state agency psychologist (Dr. Clifford; *see* Tr. 22-23) that Plaintiff's "statements of limitations were credible in that she had a mental impairment, but that impairment did not prevent her from completing simple, work related tasks." Id., Tr. 247.

Plaintiff objects that the ALJ report contains no rationale supporting his failure to incorporate any impairments stemming from her pain disorder into the RFC limitations. But the ALJ did reference an evaluation by Dr. Essink which found only "mild symptoms" of the pain disorder with a "good prognosis for improvement." Tr. 16-18, 21-23, 220.

Magistrate Judge error #1: R&R discussed factors not specifically relied upon by ALJ

Plaintiff takes exception to the Report and Recommendation on her allegation regarding the ALJ's failure to incorporate any limitations on the basis of his "severe impairment" finding, on the grounds that the Magistrate Judge "discussed other factors not specifically relied upon by

1  ALJ Atkins on this issue." Objns, p. 4. In support of this position, Plaintiff cites <u>Ceguerra v.

2  Secretary</u>, 933 F.2d 735, 738 (9th Cir. 1991) which states that "[a] reviewing court can evaluate

3  an agency's decision only on the grounds articulated by the agency."

4        The Court agrees with Plaintiff that the Magistrate Judge may not supplement the ALJ's

5  stated rationale with the evidence from the record which, had the ALJ included it in his stated

6  reasons, would have supported the finding of no limitations. As a reviewing court, we must

7  confine our review to the stated reasons in the record. In this case, however, the ALJ's stated

8  reasons[1] <u>are</u> adequate reasons. In reaching the findings reflected in this order, the Court did not

9  consider any reasons cited by the Magistrate Judge which were not stated by the ALJ in his

10  findings.

11  <u>ALJ error #2: Failure to "fully develop" the record by requesting earlier medical records</u>

12        Alluding to the ALJ's rationale that the medical records before him contained "no

13  objective assessments of tender points" (Tr. 21; "tender points" are medical evidence of

14  fibromyalgia), Plaintiff cites as error his failure to request *earlier* medical records which would

15  have introduced evidence of medically-verified tender points (Plaintiff refers here to the 1995

16  Kaiser medical evaluation).

17        In support of this argument, Plaintiff cites <u>Mayes v. Massanari</u>, 276 F.3d 453 (9th Cir.

18  2001), but <u>Mayes</u> holds that the ALJ's "duty to develop the record further is triggered only when

19  there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of

20  the evidence." <u>Id.</u> at 459-60. The record of this proceeding presents no indication that the ALJ

21  found the evidence to be ambiguous or the record to be inadequate. Furthermore, the 1995

22  medical records are not evidence of fibromyalgia limitations *during the relevant time period* for

23

24      [1] Plaintiff contends that the ALJ only gave "one specific reason," but that is simply incorrect; as indicated above, the Magistrate Judge found three reasons stated in the record.

Plaintiff's request (in fact, the evidence is that Plaintiff worked for nine more years following the 1995 evaluation).

And, as Defendant points out, the duty to provide a complete record upon which to make a determination is a dual one. Plaintiff was offered an opportunity at the end of the administrative hearing to supplement the record, but did not do so. Tr. 53-54, 55, 56. Instead, Plaintiff waited until December 2008 to provide this evidence. By contrast, the ALJ's statutory duty only requires him to develop a complete record at least 12 months prior to the filing date (20 CFR § 404.1512(d)); the administrative record here went back to 1998. The ALJ satisfied his duty to fully develop the record.

ALJ error #3: No "clear and convincing" evidence supporting the finding that Plaintiff lacked credibility

In fact, the record reflects a fully-developed rationale by the ALJ supporting his finding that Plaintiff's testimony was less than credible. The rationale is related to the reasons which resulted in the ALJ's finding of no limitations arising out of the impairments found at Step 2:

1. Plaintiff's wide range of activities contradicted her description of her limitations.
2. The evidence indicated that Plaintiff improved with therapy and medication.
3. Plaintiff's allegations were unsupported by objective medical evidence.

Tr. 21. In other words, the ALJ's findings regarding Plaintiff's credibility and her "limitations" are synonymous. A ruling that the ALJ's finding of "no limitations" despite a finding of "severe impairment" was supported by the record also dictates a finding that the evidence which underlies his finding that Plaintiff lacked credibility was "clear and convincing."

ALJ error #4: ALJ's reliance on the vocational expert's testimony regarding Hypothetical #1

The vocational expert (VE) responded to two hypotheticals posed by the ALJ at the hearing. The first hypothetical (Hypo #1) described limitations congruent with the RFC found

1 | by the ALJ in Plaintiff's case.  Based on those limitations, the VE described three jobs for which
2 | Plaintiff would be suited: office helper, merchandise marker and order checker.
3 |       Plaintiff objects (and the Magistrate Judge agrees) that the reasoning level (SVP 3)
4 | required for "order checker" is not congruent with the limitations described in the hypothetical or
5 | in Plaintiff's RFC.  The Court adopts this finding and disallows this option as suitable work for
6 | Plaintiff based on this record.  Plaintiff further contends that, because the VE made a mistake in
7 | this regard, the ALJ was in error to rely on any of her testimony.  Considering the Court's
8 | finding below that the VE was appropriate in her assessment of the other two job options,
9 | Plaintiff is incorrect -- this misstep does not rise above the level of "harmless error."
10 |       The remaining two positions require Level 2 reasoning which, according the DOTs
11 | (Plaintiff Opening Brief, Exs. A and B) is commensurate with the ability to "[a]pply
12 | commonsense understanding to carry out detailed but uninvolved written or oral instructions,"
13 | and to "[d]eal with problems involving a few concrete variables in or from standardized
14 | situations."  Plaintiff argues that this is inconsistent with the findings in the RFC that Plaintiff is
15 | suited for jobs requiring no more than "one and two step instructions involving simple but not
16 | detailed tasks." Tr. 20.  Plaintiff cites no authority for this contention, and it has no logical
17 | appeal.  The Report and Recommendation cites a number of cases holding that jobs requiring
18 | Level 2 reasoning are entirely consistent with an RFC to perform simple, routine tasks. *See, e.g.,*
19 | Hackett v. Barnhart, 395 F.2d 1168, 1176 (10th Cir. 2005); Temple v. Callahan, 114 F.3d 1195
20 | (9th Cir. 1997)("Work that requires 'commonsense understanding' is simple," and "[w]ork that
21 | requires 'uninvolved written or oral instructions' is simple and routine").  The Court detects no
22 | error in the ALJ's finding that these jobs were consistent with Plaintiff's RFC and were
23 | sufficiently numerous in the national economy.
24 |

ORDER ON OBJECTIONS TO REPORT AND
RECOMMENDATION- 7

1    Plaintiff briefly touches on an allegation that she is "unable to do either of the light level
2 jobs [office helper or merchandise marker] from a physical standpoint because of her inability to
3 be on her feet six hours out of an eight hour day required for light level work due to her
4 fibromyalgia and pain disorder, which were not properly evaluated as discussed above." Objns,
5 pp. 9-10. First of all, the Court reads her RFC to contain a limitation that she not be on her feet
6 more than 2 hours in an 8-hour work day. Second, and more significantly, Plaintiff cites no
7 authority supporting her statement that the recommended jobs would require her to be on her feet
8 6 out of 8 hours a day. The Court finds the argument without merit.

9    The second hypothetical posed by the ALJ to the VE involved the limitations which
10 Plaintiff had claimed for herself (and which the ALJ eventually found not to be credible); in
11 response to that hypothetical, the VE had testified that Plaintiff would not be able to sustain
12 employment. Tr. 53. Plaintiff objects to the ALJ's failure to credit this hypothetical and find in
13 accordance with it that Plaintiff was disabled and unable to work. But the ALJ is permitted to
14 rely on the hypothetical which contains the limitations which he found to be credible and
15 supported by substantial evidence (i.e., Hypo #1). See Bayliss v. Barnhart, 427 F.3d 1211,
16 1217-18 (9th Cir. 2005).

Appeals Council error #1: Failure to explain its disregard of Plaintiff's new evidence

   Following the ruling of the ALJ but prior to the denial by the Appeals Council, Plaintiff submitted three further pieces of evidence in support of her claim:

1. A 1995 Kaiser Permanente medical evaluation prepared by a Physician's Assistant which includes a finding of 16 (out of a possible 18) fibromyalgia "tender points." Tr. 420-426.
2. A 2009 psychological evaluation by Dr. Carter which found Plaintiff far more limited than the evaluations relied on by the ALJ. Tr. 427-443.
3. A December 2008 declaration from Plaintiff's husband which corroborates much of her own descriptions of her limitations. Tr. 154-156.

Plaintiff argues that this new information mandates a reversal of both the Appeals Council and ALJ decisions.

Under the section entitled "**What We Considered**," the AC notice says "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council." Tr. 1. (The AC's Order lists all the new evidence cited by Plaintiff. Tr. 4.) The "**What We Considered**" section goes on to say that the AC "found that this information does not provide a basis for changing the Administrative Law Judge's decision." Tr. 2.

Plaintiff first attacks the AC decision for failing to "specifically address" the new evidence and articulate its reasons for finding it unpersuasive. In support of this argument, Plaintiff cites the HALLEX (the SSA's "Hearings Appeals & Litigation Law Manual") § I-3-501, which requires the AC to "specifically address additional evidence or legal arguments or contentions submitted in connection with the request for review." Plaintiff admits that this administrative guideline lacks "the authority of law" (Objns, p. 10), but cites Hall v. Schweiker for the proposition that "where the rights of individuals are affected, an agency must follow its own procedures." 660 F.2d 116, 119 (5th Cir. 1981).

More persuasively, Plaintiff cites the Ninth Circuit opinion in Ramirez v. Shalala, wherein the appellate court overturned an AC's refusal to reverse an ALJ's denial because the AC gave no reason for disregarding additional evidence of a treating physician's report (tellingly, the AC had confined its remarks to a ruling that the additional material failed to "provide a basis for changing the hearing decision," which is almost verbatim what the AC stated in Plaintiff's case). 8 F.3d 1449, 1452, 1454-55 (9th Cir. 1993).

So the Court agrees with Plaintiff that the AC failed to adequately explain its decision to disregard her new evidence. The question is whether this finding requires this Court to reverse and remand as Plaintiff requests. The answer is "no."

Plaintiff moves the Court to remand her matter based on the introduction of this new evidence and the AC's failure to adequately explain why the evidence was rejected. Under 42 U.S.C. § 405(g), this request entitles the Court to make a *de novo* determination regarding the new material:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

In other words, the AC's failure to adequately explain its disregard of this evidence is harmless error unless this Court, upon considering the material *de novo,* finds that it is "material" and further finds "good cause for the failure to incorporate such evidence in the record in a prior proceeding;" i.e., the original administrative law review.

In order to qualify as "material," "the new evidence must bear 'directly and substantially on the matter in dispute" and there must be a demonstration of a "reasonable possibility that the new evidence "would have changed the outcome of the administrative hearing." Mayes v. Massanari, 276 F.3d 453, 463 (9th Cir. 2001). To meet the "good cause" requirement, Plaintiff must show that the evidence "was unavailable earlier." Id.

Looking at each of Plaintiff's proffered pieces of evidence, the Court finds that they each fail under one or more of these tests:

1. <u>The 1995 report</u>: This report suffers from numerous "materiality" problems. First, it is outside the time period under consideration by the ALJ in this proceeding. Second, there was evidence that Plaintiff continued to work for nine years following this diagnosis. Tr.

38, 421. In view of those facts, the Court finds nothing to establish that this report would have changed the outcome of the hearing. Furthermore, under Plaintiff's obligation to establish "good cause," the burden shifts to her to demonstrate why she failed to come forward with this evidence earlier when she had the opportunity; she offers no explanation in that regard, so the 1995 medical report fails on both prongs of the test.

2. <u>The 2009 psychological evaluation</u>: The <u>Mayes</u> opinion speaks directly to the introduction of this kind of "new" evidence when it states that "[a] claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied. To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." 276 F.3d at 463. Again, Plaintiff has made no such showing.

3. <u>Mr. Boyd's declaration</u>: Not only is it simply cumulative of Plaintiff's own (already discounted) testimony and thus not material, but Plaintiff again fails to demonstrate why it could not have been produced prior to the ALJ's ruling.

**Conclusion**

The Court finds Plaintiff's new evidence is both immaterial and without good cause, and her allegations of erroneous rulings at all levels of her review are either non-meritorious or amount to harmless error only. Plaintiff has failed to establish grounds for reversal and remand. The Court therefore ADOPTS the Report and Recommendation, AFFIRMS the Commissioner's decision and DISMISSES the matter with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 9, 2011.

*(signature)*

Marsha J. Pechman
United States District Judge

ORDER ON OBJECTIONS TO REPORT AND
RECOMMENDATION- 12